UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| DAVID HAWTHORNE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No.  5:16-cv-01525-HNJ |
| | ) | |
| RYAN D. McCARTHY, | ) | |
| ACTING SECRETARY OF | ) | |
| THE ARMY | ) | |
| | ) | |
| Defendant. | ) | |

## **<u>MEMORANDUM OPINION AND ORDER</u>**

This action proceeds before the court on Defendant Ryan D. McCarthy's Motion

to Dismiss.[1]  (Doc. 34).   McCarthy seeks an order dismissing Plaintiff David

Hawthorne's breach of settlement agreement claim against him due to the court's lack

of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or,

in the alternative, due to a failure to state a claim upon which relief can be granted

---

[1] Hawthorne initiated this lawsuit against former Acting Secretary of the Army Mark T. Esper in his official capacity.  (Doc. 12).   McCarthy succeeded Esper as Acting Secretary of the Army, and, pursuant to Federal Rule of Procedure 25(d), became the defendant to this action.  Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.").  This lawsuit thus constitutes an action against McCarthy in his official capacity, and, in turn, an action against the Army.  *See Loeffler v. Frank*, 486 U.S. 549, 562 n.8 (1988) (Title VII lawsuit against an agency head in his or her official capacity constitutes a lawsuit against the agency); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent . . . ."); *Adams v. Cobb Cty. Sch. Dist.*, 242 F. App'x 616, 617 n.1 (11th Cir. 2007) (per curiam) (a Title VII claim against an officer in his or her official capacity remains redundant where the plaintiff also names the officer's employer as a defendant).

pursuant to Federal Rule of Civil Procedure 12(b)(6).

The court concludes it lacks subject matter jurisdiction over Hawthorne's breach of settlement agreement claim pursuant to the statutes he identifies. In turn, the court lacks jurisdiction to adjudicate McCarthy's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Therefore, based upon the analysis herein, the court grants McCarthy's motion to dismiss for lack of subject matter jurisdiction and dismisses without prejudice Hawthorne's claim.

## STANDARD OF REVIEW

When "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977));[2] *Harris v. Bd. of Trs. Univ. of Ala.*, 846 F. Supp. 2d 1223, 1229–30 (N.D. Ala. 2012) (court considered Rule 12(b)(1) jurisdictional challenge before addressing Rule 12(b)(6) arguments).

*The Rule 12(b)(1) Standard*

"Federal courts are courts of limited jurisdiction" and, as such, possess the power to hear cases only as authorized by the Constitution or United States' laws. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[B]ecause a federal court is

---

[2] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions decided prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal Rule of Civil Procedure 12(b)(1) permits a district court to dismiss a case for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of persuasion on establishing the court's subject matter jurisdiction. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942)).

The Eleventh Circuit establishes particular modes of review for Rule 12(b)(1) challenges to subject matter jurisdiction:

> [A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint. If the challenge is facial, the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised . . . Accordingly, the court must consider the allegations in the plaintiff's complaint as true . . . A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion . . .
>
> Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered. Furthermore, . . . the district court has the power to dismiss for lack of subject matter jurisdiction on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed

facts plus the court's resolution of disputed facts.

*McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)

(citing, *inter alia*, *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981); *Lawrence v. Dunbar*,

919 F.2d 1525, 1529 (11th Cir. 1990)) (internal quotation marks and alterations omitted).

Therefore, a factual challenge to subject matter jurisdiction typically permits a

"trial court . . . to weigh the evidence and satisfy itself as to the existence of its power

to hear the case." *Williamson*, 645 F.2d at 412–13. No presumptive truthfulness would

attach to a plaintiff's claims, and "the existence of disputed material facts [would] not

preclude the trial court from evaluating for itself the merits of jurisdictional claims."

*Id.*; *see also Lawrence*, 919 F.2d at 1528–29.

## THE COMPLAINT

The case proceeds on Plaintiff David Hawthorne's amended complaint against

Defendant Ryan D. McCarthy, Acting Secretary of the Army ("the Army"). (Docs. 12

& 13).[3] Hawthorne, proceeding *pro se*, avers the Army breached a negotiated settlement

agreement ("NSA") the parties executed to resolve a workplace discrimination

complaint Hawthorne lodged against the Army. (Doc. 13).

Hawthorne serves as a civilian employee of the Army. (*Id.*) Hawthorne entered

---

[3] Document 12 constitutes Hawthorne's *pro se* form complaint. Hawthorne does not state any claims against the Army in his form complaint, but rather references a separate "motion" containing his claims. (Doc. 12). Document 13 constitutes the referenced "motion" in which Hawthorne supplies factual allegations against the Army. Accordingly, the court treats Document 13 as the operative amended complaint.

into the NSA with the Army on February 24, 2014, after he filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). (Doc. 1-3).[4]   The NSA obligates the Army to take various actions regarding Hawthorne's employment.  In relevant part, the NSA provides:

> [The Army] will reinstate the performance rating for the period April 2012-April 2013 and will cancel the 120 day rating period previously directed by the step three grievance decision, dated September 30, 2013. The April 2013 rating stands and serves as the annual rating of record for 2013.  Mr. Hawthorne will be placed under standards upon reporting to [Army Oil Analysis Program] and will receive an annual rating based on those standards immediately preceding his promotion to GS13.[5]  This will serve as his 2014 annual rating of record.  When he reaches his target grade, his rating cycle will be aligned with all other GS13s.

(Doc. 1-3 at 2).  Hawthorne avers the Army committed two acts in breach of this provision.

First, Hawthorne contends the Army failed to furnish his 2014 rating until July 2015, despite his multiple requests for the rating.  (Doc. 13 at 4–7).  Second, Hawthorne alleges the Army improperly categorized the 2014 rating as a "special rating" rather than

---

[4] In his amended complaint, Hawthorne references an exhibit containing the NSA which he attached to his initial complaint.  (Doc. 13 at 1; 3–4; 19).  Federal Rule of Civil Procedure 10(c) provides "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Although Hawthorne's amended complaint supplanted his initial complaint, "[a]n amended pleading may adopt some or all of the averments of the original pleading with the incorporation by reference practice permitted by Rule 10(c)."  6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2002); *see also Lawrence v. United States*, 597 F. App'x 599, 602 (11th Cir. 2015) ("Exhibits to the complaint are considered a part of the complaint for all purposes.") (citing Fed. R. Civ. P. 10(c)).  Accordingly, Hawthorne incorporated by reference in his amended complaint the NSA he attached to his initial complaint.

[5] "GS13" refers to a paygrade in the federal government's civilian employee pay scale.  *See* https://www.federalpay.org/gs/2018/GS-13 (last visited February 5, 2020).

an "annual rating." (*Id.* at 4). According to Hawthorne, these alleged breaches impeded his ability to apply for jobs and pursue professional development opportunities. (*Id.* at 5).

On August 28, 2015, Hawthorne filed a claim of noncompliance with the Equal Employment Opportunity Compliance and Complaints Review Agency ("EEOCCR") regarding the Army's failure to timely furnish the annual rating pursuant to the NSA. (Doc. 1-1 at 2).[6]  In an October 6, 2015, decision letter, the Army asserted it inadvertently failed to issue a rating in accordance with the NSA and expressed an intent to furnish the appropriate rating.  (Doc. 1-2 at 2).[7]  Hawthorne appealed the Army's October 6, 2015, decision to the EEOC.  (Doc. 1-1 at 1).

On February 17, 2016, the EEOC issued a decision finding the Army timely cured its breach by furnishing a compliant rating after receiving notice of Hawthorne's complaint.  (Doc. 1-1 at 1–3).  Hawthorne timely requested the EEOC to reconsider its February 17, 2016, decision, and the EEOC denied his request on June 23, 2016. (*Id.* at 7–9).  The EEOC informed Hawthorne of his right to appeal its June 23, 2016, decision by filing "a civil action in an appropriate United States District Court within [90] calendar days" of the decision, or, in the alternative, "after [180] calendar days of

---

[6] Hawthorne incorporates by reference Document 1-1 in his amended complaint pursuant to Federal Rule of Civil Procedure Rule 10(c).  (Doc. 13 at 11; 13).

[7] Hawthorne incorporates by reference Document 1-2 in his amended complaint pursuant to Federal Rule of Civil Procedure Rule 10(c).  (Doc. 13 at 6; 10).

the date [he] filed [his] complaint with the [EEOCCR], or [his] appeal with the [EEOC], until such time as the [EEOC] issues its final decision on [the] complaint." (*Id.* at 8–10).

Hawthorne filed an original pleading in this action on September 14, 2016, which was docketed as a miscellaneous action. Notwithstanding his filing of this federal court pleading, Hawthorne filed a Motion for an Order to Allow EEOC AJ to hear Argument of Agency Breaching of Negotiated Settlement Agreement on January 26, 2017. (Doc. 5). On July 27, 2017, and July 31, 2017, Hawthorne filed additional notices. (Docs. 7 & 8). These notices informed the court the EEOC granted Hawthorne a hearing regarding his allegation the Army breached the NSA. (*Id.*) However, the EEOC had dismissed Hawthorne's August 28, 2015, complaint on February 2, 2017, pursuant to 29 C.F.R. § 1614.107(a)(3)[8] upon receiving notice Hawthorne had filed the instant action, thereby terminating the hearing process. (*Id.*) After the case sat in limbo as a miscellaneous action, the undersigned discerned the pendency of the action and requested a status update from Hawthorne, who then informed the court of the EEOC's February 2, 2017, dismissal of his 2015 complaint. (Docs. 9 & 10). Therefore, the court converted this action to a civil action, and ordered Hawthorne to file an

---

[8] 29 C.F.R. § 1614.107(a)(3) requires the EEOC to "dismiss an entire complaint . . . [t]hat is the basis of a pending civil action in a United States District Court in which the complainant is a party provided that at least 180 days have passed since the filing of the administrative complaint." 29 C.F.R. § 1614.107(a)(3).

amended complaint for service upon the Defendant.

Hawthorne filed the amended complaint in this action on March 12, 2019. (Docs. 12 & 13). Hawthorne identifies the following statutes as the jurisdictional bases for his breach of settlement agreement claim: (1) 28 U.S.C. § 1331; (2) criminal statutes 18 U.S.C. §§ 241, 1001, 1505; and (3) Title VII's anti-retaliation provision 42 U.S.C. § 2000e-3.[9] (Doc. 12). He requests $300,000 in damages.[10] (Doc. 13 at 19).

The Army contends sovereign immunity shields it from Hawthorne's breach of

---

[9] In reviewing Hawthorne's breach of settlement agreement allegations, his complaint arguably avers 42 U.S.C. § 2000e-16 as a basis for jurisdiction.

Section 2000e-16 provides in relevant part:

    (a) Discriminatory practices prohibited . . . .

        All personnel actions affecting employees or applicants for employment . . . in military departments . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin.
        . . .

    (c) Civil action by employee or applicant for employment for redress of grievances . . . .

        Within 90 days of receipt of notice of final action taken by a department, agency . . . , or by the [EEOC] . . . on a complaint of discrimination based on race, color, religion, sex or national origin . . . , or after [180] days from the filing of the initial charge with the department, agency, or unit or with the [EEOC] . . . , or unit until such time as final action may be taken by a department, agency, or unit, an employee . . . , if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action . . . ."

42 U.S.C. § 2000e-16(a), (c). The court will assess § 2000e-16 accordingly.

[10] In addition, on March 12, 2019, Hawthorne filed a Motion to Have Oral Arguments Before the Court regarding the Army's motion to dismiss. (Doc. 14). Considering the parties' briefing, the court does not discern a need for additional information to adjudicate the Army's motion. Accordingly, the court denies Hawthorne's Motion to Have Oral Arguments Before the Court.

settlement agreement claim, rendering the court without jurisdiction thereof. (Doc. 34). The Army maintains that although § 2000e-16 waives its sovereign immunity from employment discrimination claims, Hawthorne's breach of settlement agreement claim does not constitute an employment discrimination claim. (*Id.*) Accordingly, the Army argues, § 2000e-16 does not provide a cause of action for Hawthorne's claim, thus, preserving its sovereign immunity against Hawthorne's action. (*Id.*)

ANALYSIS

I.    **The Court Lacks Subject Matter Jurisdiction to Adjudicate Hawthorne's Breach of Settlement Agreement Claim Because the Army Enjoys Sovereign Immunity From Such Claim**

As a preliminary matter, the court must determine whether the Army's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction raises a facial or a factual challenge to the court's jurisdiction. As previously discussed, facial challenges attack subject matter jurisdiction "based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion." *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). "In other words, the allegations themselves reveal that subject matter jurisdiction is deficient." *Miccosukee Tribe of Indians v. Cypress*, 975 F. Supp. 2d 1298, 1304 (S.D. Fla. 2013). Factual challenges, by contrast, "contest the truth of the allegations, which, by themselves, would be sufficient to invoke federal jurisdiction." *Id.* (citing, *inter alia*, *Morrison*, 323 F.3d at 924 n.5). Thus, "the district court must give the plaintiff an opportunity for discovery and

for a hearing that is appropriate to the nature of the motion to dismiss." *Williamson*, 645 F.2d at 414.

In this case, the Army's Rule 12(b)(1) motion raises a facial challenge to the court's jurisdiction. The Army does not dispute the underlying facts of Hawthorne's complaint for purposes of its jurisdictional challenge; nor does it present contested extrinsic evidence. *See Chevaldina v. Katz*, 787 F. App'x 651, 653 (11th Cir. 2019) (per curiam) (defendants mounted a factual jurisdictional challenge by presenting deposition testimony and other extrinsic evidence in support of its Rule 12(b)(1) motion); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (Rule 12(b)(1) motion presented a factual jurisdictional challenge when the parties disputed critical facts that could establish or defeat the court's jurisdiction).

Rather, the Army contends the court lacks subject matter jurisdiction over Hawthorne's claim because "there is no provision for judicial review of breaches of settlement agreements" that waives its sovereign immunity. (Doc. 34 at 11). The Army's contention does not depend upon the veracity of Hawthorne's allegations; thus, it represents a facial challenge to the court's jurisdiction. *See Fernandez v. United States*, 766 F. App'x 787, 788, 791 (11th Cir 2019) (the Government raised a facial jurisdictional challenge by alleging sovereign immunity precluded its liability under a state personal injury statute); *Lawrence v. United States*, 597 F. App'x 599, 601–02 (11th Cir. 2015) (the Government raised a facial jurisdictional challenge by alleging sovereign immunity

precluded its liability under a federal tax statute); *In re CP Ships Sec. Litig.*, 578 F.3d 1306, 1309 (11th Cir. 2009) (defendant raised a facial jurisdictional challenge because it did not "expressly challenge[] any facts determinative of subject matter jurisdiction"); *abrogated on other grounds by Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 253–54 (2010). Accordingly, the court will accept Hawthorne's allegations as true to ascertain whether they state a basis for subject matter jurisdiction.[11]  *See McElmurray*, 501 F.3d at 1251.

To recount, Hawthorne alleges the court may exercise jurisdiction over his breach of settlement agreement claim pursuant to 28 U.S.C. § 1331; 18 U.S.C. §§ 241, 1001, 1505; and, as construed by the court, 42 U.S.C. § 2000e-16.  The court will assess each alleged jurisdictional basis in turn.

### A.    Title 28 U.S.C. § 1331 Does Not Constitute an Independent Basis for Jurisdiction over Hawthorne's Claim Absent a Federal Question

Title 28 U.S.C. § 1331 vests federal district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Section 1331 constitutes a jurisdictional statute; thus, it does not supply an independent basis for subject matter jurisdiction absent a federal question; that is, it merely establishes a district court's jurisdiction over claims arising under federal statutes, treaties, or the Constitution.  *See Bennick v. Boeing Co.*, 504 F. App'x 796

---

[11] In addition, the court may consider the aforementioned exhibits Hawthorne incorporates by reference in his amended complaint.  *See Lawrence*, 597 F. App'x at 602; *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

(11th Cir. 2012) (the district court properly concluded it lacked jurisdiction under § 1331 because "none of the federal regulations to which [the plaintiff] cited provided a cognizable basis for relief or a private cause of action."); *Pitrone v. Mercadante*, 420 F. Supp. 1384, 1388 (E.D. Pa. 1976) ("Section 1331 is merely a jurisdictional statute and provides no substantive basis for relief."), *vacated on other grounds*, 572 F.2d 98 (3d Cir. 1978); *Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980) ("28 U.S.C. § 1331 confers jurisdiction only where a federal question is otherwise at issue; it does not create federal jurisdiction."); *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991); *Smith v. Mardis*, No. 2:12-CV-3711-VEH, 2012 U.S. Dist. LEXIS 172383, at *5–6 (N.D. Ala. Dec. 5, 2012) ("[F]ederal question jurisdiction exists under § 1331 if 'federal law creates the cause of action' . . . .") (quoting *Pruitt v. Honda of Am. Mfg., Inc.*, No. 3:06-0128, 2006 U.S. Dist. LEXIS 19505, at *8 (M.D. Tenn. Mar. 28, 2006)); *Jayme v. U.S. Dep't of Homeland Sec.*, No. 07-23022-SEITZ-O'SULLIVAN, 2008 U.S. Dist. LEXIS 34737, at *9 (S.D. Fla. Apr. 25, 2008) ("28 U.S.C. § 1331 provides no independent basis for subject matter jurisdiction."); *St. Andrews Park, Inc. v. U.S. Dep't of the Army Corps of Eng'rs*, 314 F. Supp. 1238, 1242 (S.D. Fla. 2004) ("Plaintiffs further assert that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  But [this statute does not] independently grant jurisdiction.") (internal citation omitted); *Storey v. Rubin*, 976 F. Supp. 1478, 1483 (N.D. Ga. 1997) ("Federal courts have federal question subject matter jurisdiction under [§ 1331] only when Congress explicitly or implicitly has

created a private right of action independent of [this] section[] supporting a given plaintiff's claim.").

In the instant case, therefore, the court may exercise jurisdiction pursuant to § 1331 only if the remaining statutes Hawthorne identifies supply a basis for his breach of settlement agreement claim. As elaborated below, the court's jurisdiction cannot lie under these statutes.

### B. Title 18 U.S.C. §§ 241, 1001, and 1505 Do Not Confer Jurisdiction Over Hawthorne's Claim

A plaintiff may not press a claim pursuant to a statute that does not permit a private right of action. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002) (a plaintiff may not pursue a claim under a statute unless Congress "*intended to create a federal right*" therein) (emphasis in original). A federal court, in turn, lacks jurisdiction to hear a claim if the underlying statute does not create a private right of action for the plaintiff's claim. *See Amalgamated Transit Union v. Metro. Atlanta Rapid Transit Auth.*, 667 F.2d 1327, 1335 (11th Cir 1982) ("In order for [the Court] to infer a private right of action, or federal jurisdiction, we must have before us clear evidence that Congress intended to provide such a remedy . . . .") (citation omitted).

Although the "provision of a criminal penalty does not necessarily preclude implication of a private cause of action for damages" pursuant to a criminal statute, *Cort v. Ash*, 422 U.S. 66, 79 (1975), the Supreme Court "rarely implie[s] a private right of action under a criminal statute." *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (citing

*Cort*, 422 U.S. 66). The statute must clearly confer a private right of action, which "may appear implicitly in the language or structure of the statute, or in the circumstances of its enactment." *Thompson v. Thompson*, 484 U.S. 174, 179 (1988) (quoting *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 18 (1979)). Therefore, "a private right of action under federal law . . . must be 'unambiguously conferred.'" *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 332 (2015) (quoting *Gonzaga*, 536 U.S. at 283). In this case, Hawthorne may not maintain, and thus the court retains no jurisdiction to hear, his claim pursuant to 18 U.S.C. §§ 241, 1001, or 1505 unless these criminal statutes provide a private right of action for damages. *See Amalgamated Transit Union*, 667 F.2d at 1335.

The Eleventh Circuit clearly establishes that 18 U.S.C. § 241, which prohibits certain acts of conspiracy, does not provide a private right of action. *See Collins v. Bates*, No. 17-14559-G, 2018 U.S. App. LEXIS 12391, at *21 (11th Cir. May 10, 2018) (plaintiff may not maintain a private cause of action under § 241); *accord Wood v. Kelly*, 720 F. App'x 532, 535 (11th Cir. 2017) (per curiam); *Paletti v. Yellow Jacket Marina, Inc.*, 395 F. App'x 549, 552 n.3 (11th Cir. 2010) (per curiam). This rule remains settled in other circuits as well. *See, e.g., McGee v. Nissan Motor Acceptance Corp.*, 619 F. App'x 555, 555 (7th Cir. 2015) (no private right of action exists under § 241); *accord Chaney v. Races & Aces*, 590 F. App'x 327, 330 (5th Cir. 2014) (per curiam); *Battle v. Travel Lodge Motel*, 474 F. App'x 654, 654 (9th Cir. 2012); *Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009) (per curiam); *Johnson v. D.C. Criminal Justice Act*, 305 F. App'x 662, 662 (D.C. Cir. 2008);

*Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003); *United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *Cok v. Csentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam). Pursuant to this binding precedent and persuasive authority, § 241 does not provide a jurisdictional basis for Hawthorne's claim.

Similarly, courts of appeal consistently rule that 18 U.S.C. § 1001, an anti-fraud statute, does not provide a private right of action. *See, e.g.*, *Lichtenburg v. Sec'y of the Navy*, 627 F. App'x 916, 917 (11th Cir. 2015) (per curiam) (plaintiff may not maintain a private cause of action under § 1001); *accord Setzer v. First Choice Lending Servs., LLC*, No. 18-5192, 2018 U.S. App. LEXIS 25681, at *8 (6th Cir. Sept. 10, 2018); *Lee v. U.S. Agency for Int'l Dev.*, 859 F.3d 74 (D.C. Cir. 2017); *Coleman v. Sec'y U.S. Dep't of Homeland Sec.*, 649 F. App'x 128, 130 (3d Cir. 2016) (per curiam); *Stevens v. Jefferson*, 421 F. App'x 639, 640 (7th Cir. 2011); *Hunter v. Martinez*, 345 F. App'x 18, 18–19 (5th Cir. 2009) (per curiam); *Andrews*, 483 F.3d at 1076; *Willems v. Apt. Inv. & Mgmt. Co. AIMCO*, 72 F. App'x 700, 701 (9th Cir. 2003); *Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137–38 (4th Cir. 1987). Hawthorne, therefore, cannot invoke this court's jurisdiction pursuant to § 1001.

Finally, courts routinely hold no private right of action exists under 18 U.S.C. § 1505, which prohibits the obstruction of justice. *See, e.g.*, *Gage v. Wells Fargo Bank, N.A.*, 555 F. App'x 148, 151 (3d Cir. 2014) (per curiam) (section 1505 does not

confer a private right of action); *accord Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir.

2002), *cert. denied*, 536 U.S. 971 (2002); *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272,

273 (10th Cir. 2002); *Horde v. Elliot*, No. 17-cv-800, 2018 U.S. Dist. LEXIS 27624, at *35

& n.16 (D. Minn. Jan. 9, 2018); *Carey v. Hubbard*, No. 2:14-CV-1054-WKW, 2014 U.S.

Dist. LEXIS 166742, at *7–8 (M.D. Ala. Nov. 6, 2014); *Tajuddin Jarallah v. Simmons*, No.

1:04-CV-3636-JEC, 2006 U.S. Dist. LEXIS 104925, at *10 n.8 (N.D. Ga. Jan. 11, 2006).

Accordingly, the court cannot entertain Hawthorne's claim pursuant to § 1505.

Because 18 U.S.C. §§ 241, 1001, and 1505 do not provide private rights of action,

these statutes do not supply jurisdictional bases for Hamilton's breach of settlement

agreement claim.

### C. Title 42 U.S.C. § 2000e-16 Does Not Confer Jurisdiction Over Hawthorne's Claim

Under settled principles of sovereign immunity, "the United States, as sovereign,

'is immune from suit, save as it consents to be sued . . . and the terms of its consent to

be sued in any court define that court's jurisdiction to entertain the suit.'" *United States

v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586

(1941)). Absent a specific waiver of sovereign immunity, the court lacks subject matter

jurisdiction over the suit. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475–76 (1994). Thus,

"[j]urisdiction over any suit against the Government requires a clear statement from the

United States waiving sovereign immunity, together with a claim falling within the terms

of the waiver." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)

(internal citations omitted).

The United States waived its sovereign immunity in § 2000e-16(c) by providing that a military department employee may file a civil action based upon a "final action taken by a department, agency, or unit . . . on a [discrimination] complaint based on race, color, religion, sex or national origin." § 2000e-16(c); *see Brown v. GSA*, 425 U.S. 820, 829–32 (1976) ("42 U.S.C. § 2000e-16 . . . establishe[s] complementary administrative and judicial enforcement mechanisms designed to eradicate federal employment discrimination."); *Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. 2010) (per curiam) ("Title VII waives sovereign immunity when a federal employee seeks relief for unlawful employment practices – that is, for 'any discrimination based on race, color, religion, sex, or national origin.'") (quoting § 2000e-16(a)). The Eleventh Circuit interprets this waiver narrowly, as "waivers of sovereign immunity are . . . construed 'in favor of the sovereign' and are not enlarged 'beyond what the language requires.'" *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 788 F.3d 1329, 1338 (11th Cir. 2015) (quoting *World Wide Minerals, LTD. v. Republic of Kazakhstan*, 296 F.3d 1154, 1162 (D.C. Cir. 2002)); *see Thompson*, 388 F. App'x 872–73.

In *Thompson*, the Court ruled it lacked jurisdiction to adjudicate the plaintiff's contract rescission claim under § 2000e-16(c) because it presented a question not of employment discrimination but of contract law. *Thompson*, 388 F. App'x 872–73. The plaintiff executed a negotiated settlement agreement with the Army to resolve a Title

VII sexual harassment complaint. *Id.* at 871. Thereafter, the plaintiff filed a lawsuit seeking to rescind the agreement based upon duress, contending § 2000e-16(c) supplied a basis for her claim and the court's jurisdiction thereof. *Id.* at 872. The Court determined § 2000e-16(c) "says nothing about challenges to the validity of settlement agreements between federal departments and their employees," and thus does not waive the Government's immunity from such suits. *Id.* at 873. The Court reasoned the plaintiff's rescission claim -- "founded on general principles of contract law" -- involved a Title VII employment discrimination complaint by mere incident. *Id.* at 872. Accordingly, the Court ruled § 2000e-16(c) did not provide a jurisdictional basis for the plaintiff's contract rescission claim because the claim did not "fall[] with[in] the scope of [§ 2000e-16(c)'s] waiver of sovereign immunity." [12] *Id.* at 873. The same reasoning applies to the instant case.

As in *Thompson*, Hawthorne's breach of settlement agreement claim invokes

---

[12] The Court also addressed *Jones v. Wynne*, 266 F. App'x 903 (11th Cir. 2008), in which it exercised jurisdiction *sub silentio* over the plaintiff's breach of settlement agreement claim by finding Title VII's statute of limitations barred such claim. *Jones*, 266 F. App'x at 905–06. The *Thompson* Court discounted *Jones*'s precedential value because "[t]he *Jones* Court had no need or occasion to consider the proper procedure for [rescission] claims." *Thompson v. McHugh*, 388 F. App'x 870, 873 n.1 (11th Cir. 2010).

Although the instant case involves a breach of settlement agreement claim similar to that in *Jones*, the court likewise declines to extend *Jones* precedential value because, unlike *Thompson*, the *Jones* Court did not analyze § 2000-16(c) to expressly determine it retained jurisdiction over the plaintiff's claim. Thus, considering the court's duty to "zealously insure that jurisdiction exists over a case," the instant jurisdictional analysis finds minimal guidance in *Jones*. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Furthermore, the court observes no case relying upon *Jones* for the proposition that a district court may exercise jurisdiction over a breach of settlement agreement claim pursuant to § 2000e-16(c).

18

solely principles of contract law and thus involves a Title VII discrimination complaint only tangentially.[13] *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1281 (11th Cir. 2012) ("Settlement agreements are contracts and thus may be adjudicated in courts with jurisdiction over the contract."); *Schwartz v. Fla. Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987) ("A settlement agreement is a contract and, as such, its construction and enforcement are governed by principles of . . . general contract law."); *Malladi v. Brown*, 987 F. Supp. 893, 905 (M.D. Ala. 1997) ("Settlement of EEO charges by a settlement agreement results in a contract between the plaintiff and the defendant. This contract is thus enforced according to the rules of contract law."). Averring the Army "intentionally breached" the NSA, Hawthorne advances a contractual claim which § 2000e-16(c)'s waiver of sovereign immunity does not contemplate. *See Thompson*, 388 F. App'x at 872; *see also Charles v. McHugh*, 613 F. App'x 330, 332 (5th Cir. 2015) (per curiam) ("[P]laintiff's claims are not Title VII claims. Properly construed, they are contract claims. 'A settlement agreement is a contract.' . . . . We may not interpret Title VII's waiver of sovereign immunity so broadly as to capture [plaintiff's] rescission claims simply because the underlying Agreement resolved Title VII claims.") (quoting *Alford v. Kuhlman Elec. Corp.*, 716 F.3d 909, 912 (5th Cir. 2013) (citations omitted)); *Taylor*

_____

[13] Indeed, the NSA extinguished all putative Title VII discrimination claims. Upon executing the NSA, Hawthorne withdrew all then-existing discrimination complaints and agreed not to "institute any further legal and/or administrative causes of action and/or appeals concerning any of the issues, claims or facts contained in the [underlying] complaint." (Doc. 1-3 at 2).

*v. Geithner*, 703 F.3d 328, 335 (6th Cir. 2013) ("[N]othing in 42 U.S.C. § 2000e-16(c) indicates that it is intended to waive sovereign immunity for claims other than discrimination."); *Munoz v. Mabus*, 630 F.3d 856, 864 (9th Cir. 2010) ("Because [plaintiff's breach of settlement agreement claim is essentially a contract action against the federal government whose resolution requires no interpretation of Title VII itself, his claim cannot seek jurisdictional refuge in Title VII . . . ."); *Frahm v. United States*, 492 F.3d 258, 262 (4th Cir. 2007) ("Congress has, admittedly, waived sovereign immunity in Title VII suits where the federal government is the employer. However, this statutory waiver does not expressly extend to monetary claims against the government for breach of a settlement agreement that resolves a Title VII dispute."); *Lindstrom v. United States*, 510 F.3d 1191, 1194 (10th Cir. 2007) (Title VII permitted the plaintiff "only [to] sue on the underlying discrimination claim and not to enforce the settlement agreement."). Because Hawthorne advances a claim sounding in contract, and § 2000e-16(c) waived the Government's sovereign immunity only as to employment discrimination claims, Hawthorne may not invoke this court's jurisdiction pursuant to § 2000e-16(c).

The court notes that in replying to the instant motion, Hawthorne asserts the NSA contained "clandestine, surprising and/or harmful material alterations," thus "producing a counteroffer and a rejection of the original agreement." (Doc. 43 at 6). The court construes this contention as an allegation the NSA warrants rescission based upon fraud or misrepresentation. Pursuant to the foregoing discussion, however, the

court lacks jurisdiction even if Hawthorne seeks rescission of the NSA rather than damages for the Army's alleged breach. As the Court articulated in *Thompson*, a contract rescission claim "is founded on general principles of contract law," and § 2000e-16(c) lacks any provisions regarding "challenges to the validity of settlement agreements between federal departments and their employees." *Thompson*, 388 F. App'x at 872–73. Accordingly, whether Hawthorne seeks damages for breach of the NSA or the rescission thereof, the court may not exercise jurisdiction over the instant action.[14]

---

[14] The remedial mechanisms in 29 C.F.R. §§ 1614.401 and 1614.504 buttress the court's conclusion. Section 1614.401(e) authorizes a complainant to "appeal to the Commission an agency's alleged noncompliance with a settlement agreement or final decision in accordance with § 1614.504." § 1614.401(e). Section 1614.504(a) authorizes a complainant to notify the EEO "that the agency has failed to comply with the terms of a settlement agreement," and request enforcement of the terms of the settlement agreement or reinstatement of the underlying discrimination complaint. § 1614.504(a). If the agency fails to respond to the complainant, "or if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination as to whether the agency has complied with the terms of the settlement agreement." § 1614.504(b). "If the Commission determines that the agency is not in compliance with a . . . settlement agreement, . . . it may order such compliance with the . . . settlement agreement, or . . . it may order that the complaint be reinstated for further processing from the point processing ceased." § 1614.504(c).

Significantly, "[n]either of these regulations mentions the possibility of filing a civil action in federal district court" to press a contractual claim regarding a settlement agreement. *Thompson v. McHugh*, 388 F. App'x 870, 873 (11th Cir. 2010). "Because any waiver of sovereign immunity must be unequivocally expressed, this silence counsels against a finding of jurisdiction." *Munoz v. Mabus*, 630 F.3d 856, 862 (9th Cir. 2010); *see also Taylor v. Geithner*, 703 F.3d 328, 335 (6th Cir. 2013) ("29 C.F.R. § 1614.504 provides clear instructions as to the exclusive procedures by which a complainant may seek relief -- specific performance of the settlement agreement or reinstatement of the original complaint."); *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 728 (E.D. Va. 2008) ("[T]o allow an appeal of a breach of settlement agreement from the EEOC to the district court . . . would sanction an end-run around the limits of [] Title VII, which waives sovereign immunity only after the exhaustion of administrative remedies on an initial 'complaint of discrimination.'") (quoting § 2000e-16(c)-(d)), *aff'd sub nom. Berry v. Locke*, 331 F. App'x 237 (4th Cir. 2009)); *but see Kraft v. Johanns*, No. 1:04-cv-084, 2007 U.S. Dist. LEXIS 56283, at *45 (D.N.D. July 31, 2007) (The text and policy of Title VII support the conclusion "[f]ederal district courts have jurisdiction under Title VII to address breaches of pre-decision settlement agreements . . . .").

## II. The Court May Not Adjudicate the Army's Rule 12(b)(6) Motion to Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted Because the Court Lacks Subject Matter Jurisdiction Over Hawthorne's Claim

As established herein, the court lacks subject matter jurisdiction over Hawthorne's contractual claim against the Army. The court's lack of jurisdiction forecloses the authority to adjudicate the Army's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See Ramming*, 281 F.3d at 161 (a court's preliminary assessment of a Rule 12(b)(1) motion "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."); *c.f. Burns v. Brazzolotto*, No. 4:17-CV-1728-VEH, 2018 U.S. Dist. LEXIS 65162, at *3 (N.D. Ala. Apr. 18, 2018)

---

In this case, Hawthorne did not seek reinstatement of his underlying discrimination complaint, which, of course, would have constituted an employment discrimination complaint pursuant to § 2000e-16(c). *See* § 2000e-16(a), (c); *Thompson*, 388 F. App'x at 872–73; *Munoz*, 630 F.3d at 862–63. Rather, Hawthorne sought specific performance of the NSA by filing a complaint of noncompliance with the EEOC requesting "that the Agency specifically implement its terms." (Doc. 1-1 at 2). As elaborated above, the regulations permit judicial review of only a final decision regarding an employment discrimination complaint. Accordingly, "had [Hawthorne] chosen to reinstate his underlying discrimination complaint instead of seeking specific performance, his claim could eventually have been heard in federal court after exhausting administrative procedures." *Munoz*, 630 F.3d at 862; *accord Taylor*, 703 F.3d at 334–35 ("Under [§ 1614.504], . . . a complainant may resolve his claims of settlement noncompliance within only the agency procedures; the alternative remedy is to reinstate the underlying discrimination claim, which is reviewable by a federal court. . . . This is certainly not the most direct form of judicial review . . . however; it relieves the concern . . . that an agency could breach a contract without any consequences or review by a federal court."). The administrative history of Hawthorne's discrimination and noncompliance complaints thus defeats the court's jurisdiction over the instant action.

Furthermore, as the Army suggests, jurisdiction over Hawthorne's breach of settlement agreement claim may lie, if at all, exclusively in the United States Court of Federal Claims. (Doc. 34 at 12–13); *see* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States . . . .").

("*If* the court determines that subject matter exists, it must then address the Rule 12(b)(6) motion.") (emphasis added).

## CONCLUSION

Based upon the foregoing analysis, the court **GRANTS** Defendant Ryan D. McCarthy's Motion to Dismiss for lack of subject matter jurisdiction and **DISMISSES WITHOUT PREJUDICE** Plaintiff Hawthorne's claims against Defendant Ryan D. McCarthy. The court **DENIES** Hawthorne's Motion to Have Oral Arguments Before the Court.

**DONE** this 20th day of February, 2020.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE