UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DAVID HAWTHORNE, | ) |
| Plaintiff | ) |
| vs. | ) Case No. 5:16-cv-01525-HNJ |
| RYAN D. McCARTHY, ACTING SECRETARY OF THE ARMY | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On February 20, 2020, the court dismissed without prejudice Plaintiff David Hawthorne's breach of settlement agreement claim against the Defendant for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 47). In finding a lack of jurisdiction, the court concluded Hawthorne, a federal employee, failed to aver a viable cause of action pursuant to 42 U.S.C. § 2000e-16, the provision of Title VII of the Civil Rights Act of 1964, as amended, which governs discrimination in federal government employment. (Doc. 47 at 16–21). Rather, Hawthorne averred a breach of contract claim based upon his allegations the Defendant breached a settlement agreement, and the court sustains no subject matter jurisdiction over such a cause of action. (*Id.*)

On February 24, 2020, Hawthorne filed a Motion for the Court to Set Aside Its Final Judgment Order Pursuant to Rule 60(b)(1)[1] On the Grounds of a Mistake. (Doc. 48). Hawthorne contends the court should relieve him of the final judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) because 42 U.S.C. § 2000e-3 vests the court with jurisdiction over his cause of action. (Doc. 48).

Rule 60(b)(1) permits a court to "relieve a party . . . from a final judgment, order, or proceeding" as a result of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Ostensibly, Hawthorne stakes the basis for Rule 60(b)(1) relief upon his purportedly erroneous reliance upon § 2000e-16 to evoke a cause of action warranting jurisdiction rather than § 2000e-3. Hawthorne errs in his assessment.

---

[1] Although Hawthorne references the applicability of his Rule 60(b)(1) motion to a final judgment order, the court inadvertently did not set out final judgment in a separate document as required by Federal Rule of Civil Procedure 58. Nevertheless, the court's memorandum opinion and order granting Defendant's motion unequivocally dismissed Hawthorne's claims in this action, and the court construes Hawthorne's Rule 60(b)(1) motion as a waiver of the Rule 58 separate document requirement. *C.f. Bankers Trust Co. v. Mallis*, 435 U.S. 381, 387–388 (1978) (per curiam) ("Here, the District Court clearly evidenced its intent that the opinion and order from which an appeal was taken would represent the final decision in the case. . . . Under these circumstances, the parties should be deemed to have waived the separate-judgment requirement of Rule 58, and the Court of Appeals properly assumed appellate jurisdiction under [28 U.S.C.] § 1291."); *Finn v. Prudential-Bache Sec., Inc.*, 821 F.2d 581, 585 (11th Cir. 1987) (Defendant waived Rule 58 separate document requirement); *Diaz v. Schwerman Trucking Co.*, 709 F.2d 1371, 1372 (11th Cir. 1983) (The "parties have treated the district court's dispositive order as the entry of final judgment. In so doing, they have waived the technical requirement that a separate document be filed entering the judgment."); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, Fn. 1 (11th Cir. 1982) (parties can waive Rule 58 requirement of separate document); Fed. R. App. P. 4 adv. cmt. note to 2002 Amendment (Fed. R. App. P. 4(a)(7)(B) provides that failure to set forth judgment on a separate document does not affect the validity of an appeal).

Alternatively, the court construes Hawthorne's Rule 60(b)(1) motion as applicable *nunc pro tunc* to the Final Judgment filed contemporaneously herewith.

2

Section 2000e-3, which principally establishes retaliation claims for employees, does not provide a cause of action for federal government employees: "§ 717 of the Civil Rights Act of 1964, as amended [and codified at § 2000e-16], provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976); *see also Grier v. Sec'y of Army*, 799 F.2d 721, 724 n.2 (11th Cir. 1986) ("Section 717 of Title VII, 42 U.S.C. 2000e-16, is the 'exclusive pre-emptive administrative and judicial remedy for the redress of federal employment discrimination.'") (quoting *Brown*, 425 U.S. at 835) (citing *Canino v. U.S. E.E.O.C.*, 707 F.2d 468, 472 (11th Cir. 1983)). Congress' provision of the exclusive, § 2000e-16 remedy constitutes a waiver of "sovereign immunity [benefitting] a federal employee [who] seeks relief for unlawful [discriminatory] employment practices . . . ." *Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. 2010) (per curiam).[2]

Concomitantly, § 2000e-3 grants no such remedy for federal employees.[3] *Borgo v. Goldin*, 204 F.3d 251, 255 n.5 (D.C. Cir. 2000) (§ 2000e-3 applies only to private

---

[2] This waiver of sovereign immunity via the 42 U.S.C. § 2000e-16 remedy engenders the exercise of subject matter jurisdiction. *Compare* 42 U.S.C. § 2000e-16(c) (A federal employee aggrieved by an agency final action or an Equal Employment Opportunity Commission appeal decision "may file a civil action as provided in section 2000e-5 of this title . . . ."), *with* 42 U.S.C. 2000e-5(f)(3) ("Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter."); *see also Chappell v. Chao*, 388 F.3d 1373, 1379 n.8 (11th Cir. 2004) (citing § 2000e-16(c) for the proposition "Title VII gives the district court subject matter jurisdiction over federal employees' employment discrimination claims when administrative remedies have been exhausted.").

[3] Notwithstanding the inapplicability of § 2000e-3 to federal employees, they may still lodge retaliation claims against their federal employers. *See Canino v. U.S. E.E.O.C.*, 707 F.2d 468, 472 (11th Cir. 1983)

3

employers); *Cade v. Astrue*, No. 2:11-cv-03498-PMD-BM, 2014 U.S. Dist. LEXIS 128612, at *7 n.3 (D.S.C. Sept. 15, 2014) (Although a federal employee "cite[d] . . . § 2000e-3 as the basis for her Title VII claim, this section applies to retaliation against employees in the private sector."). By extrapolation, therefore, § 2000e-3 grants no waiver of sovereign immunity, and thus, no subject matter jurisdiction over Hawthorne's claim. Therefore, the court cannot afford Hawthorne Rule 60(b)(1) relief because his purported error still occasions no authority for the court's exercise of jurisdiction. *See Pease v. Pakhoed Corp.*, 980 F.2d 995, 998 (5th Cir. 1993) ("It is well established that Rule 60(b) requires the movant to demonstrate that he possesses a meritorious cause of action"); *Local 59 v. Superline Transp. Co.*, 953 F.2d 17, 20 (1st Cir. 1992) (A meritorious claim or defense requirement "guards the gateway to Rule 60(b) relief. . . . [A] litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will not be an empty exercise."); *Boyd v. Bulala*, 905 F.2d 764, 769 (4th Cir. 1990) (A "threshold condition for granting [Rule 60(b)] relief is that the movant demonstrate that granting that relief will

---

("'[B]y drafting § 717 to prohibit 'any discrimination' Congress intended to bar the federal government from engaging in all those forms of discrimination identified in §§ 703 [42 U.S.C. § 2000e-2] and 704 [42 U.S.C. § 2000e-3], and others as well.'") (quoting *Porter v. Adams*, 639 F.2d 273, 278 (5th Cir. 1981)). Moreover, the regulations governing federal employees' complaints of discrimination specifically prohibit retaliation. *See* 29 C.F.R. § 1614.101(b) (Providing that "[n]o person shall be subject to retaliation for opposing any practice made unlawful by title VII of the Civil Rights Act [or] the Age Discrimination in Employment Act . . . or for participating in any stage of administrative or judicial proceedings under those statutes.").

4

not … have been a futile gesture, by showing that she has a meritorious defense or claim").

As a result, Hawthorne's claim remains a contract breach issue which does not manifest any basis for subject matter jurisdiction due to the federal government's sovereign immunity. *See Thompson*, 388 F. App'x at 873 ("Because [plaintiff's] contract rescission claim is not a claim falling with the scope of Title VII's waiver of sovereign immunity, Title VII does not provide a basis for exercising jurisdiction."); *Munoz v. Mabus*, 630 F.3d 856, 864 (9th Cir. 2010) ("Because [plaintiff's breach of settlement agreement claim is essentially a contract action against the federal government whose resolution requires no interpretation of Title VII itself, his claim cannot seek jurisdictional refuge in Title VII . . . ."); *Frahm v. United States*, 492 F.3d 258, 262 (4th Cir. 2007) ("Congress has, admittedly, waived sovereign immunity in Title VII suits where the federal government is the employer. However, this statutory waiver does not expressly extend to monetary claims against the government for breach of a settlement agreement that resolves a Title VII dispute."); *Lindstrom v. United States*, 510 F.3d 1191, 1194 (10th Cir. 2007) (Title VII permitted the plaintiff "only [to] sue on the underlying discrimination claim and not to enforce the settlement agreement.").

## CONCLUSION

Based upon the foregoing analysis, the court maintains its previous decision to dismiss this case without prejudice. The court therefore **DENIES** Hawthorne's Rule 60(b)(1) motion.

**DONE** and **ORDERED** this 26th day of February, 2020.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE